## Dible *v.* Davis, Appellant (No. 3).

Opinion by Head, J., October 14, 1912:

For the reasons given in the appeal between the same parties at No. 177, April Term, 1912, in which an opinion has this day been filed, ante, p. 18, the judgment is affirmed.

## Dible *v.* Davis, Appellant (No. 4).

Opinion by Head, J., October 14, 1912:

For the reasons given in the appeal between the same parties at No. 177, April Term, 1912, in which an opinion has this day been filed, ante, p. 18, the judgment is affirmed.

## Tyers *v.* Kuhn, Appellant.

*Statute of limitations—Payment on account—Identification of debt— Evidence—Question for jury.*

1. There can be no more unequivocal acknowledgment of a present existing debt than a payment on account of it, and this is all that is required to take a case out of the statute of limitations; but it must plainly appear, and not be a matter of conjecture merely, that the payment was made on account of the very debt which is in dispute.

2. In a judicial inquiry the identification of a debt, like that of a person or other object, is a fact to be established by proof. If there is sufficient evidence on the subject, the question is one to be resolved by the jury under proper instructions from the court.

3. In an action to recover a debt incurred in 1894, there is sufficient evidence to submit to the jury as to whether the debt was taken out of the statute of limitations, if the plaintiff shows that in 1904, he received from the defendant a check for $50.00, accompanied by a letter in which defendant said: "I do not know of my knowledge what I owe you, but